UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER MACAULEY, as the Personal
Representative of the Estate of
Timothy Paul Kusma, Deceased,

       Plaintiff,

v.                                 Case No. 2:21-cv-300-JLB-NPM

COLLIER COUNTY SHERIFF'S OFFICE
and KEVIN RAMBOSK, in his official
capacity as the Sheriff of Collier County,
Florida,

       Defendants.

## ORDER

Plaintiff Roger Macauley, as personal representative of Mr. Kusma's estate ("the Estate"), moves under Federal Rule of Civil Procedure 60 for reconsideration of the Court's order (Doc. 29) granting Defendant Sheriff Kevin Rambosk's motion to dismiss (Doc. 13) the Estate's complaint. (Doc. 33.) Specifically, the Estate contends that the Court erred in dismissing with prejudice its Florida negligence claim based on its failure to satisfy Florida's presuit screening requirements for medical malpractice actions. After careful consideration of the Estate's motion and Sheriff Rambosk's response (Doc. 34), the Court agrees with the Estate that dismissal without prejudice and with leave to amend as to the negligence claim is appropriate. Accordingly, the motion (Doc. 33) is **GRANTED**.

**BACKGROUND**

Mr. Kusma passed away while detained in the Naples Jail Center, a facility where medical services were provided by Armor Correctional Health Services, Inc. ("Armor"), a private contractor.  The Estate brought suit against Defendants Collier County Sheriff's Office ("CCSO") and Sheriff Rambosk, in his official capacity as the Sheriff of Collier County, Florida.  (Doc. 1.)  On Defendants' motion to dismiss, this Court dismissed with prejudice the claims against the CCSO (Counts I and III) and dismissed without prejudice a section 1983 claim against the Sheriff for failure to state a claim (Count II).  (Doc. 29.)

As to the Florida negligence claim against the Sheriff in Count IV, the Court found that the claim was due to be dismissed without prejudice based on sovereign immunity but with prejudice for failure to comply with the presuit notice and screening requirements in Chapter 766, Florida Statutes.  (Id. at 2.)  In so finding, the Court determined that the negligent hiring, retention, training, and supervision claims "arise[] out from the rendering of (or failure to render) medical services," such that Chapter 766 applied.  (Id. at 23.)  The Court further found that because the two-year statute of limitations had run, granting the Estate leave to amend to satisfy the presuit requirements would have been futile.  (Id. at 23–24.)  In its response to the motion to dismiss, the Estate had noted that it complied with Chapter 766's requirements in a separate state court lawsuit against Armor.  (Id. at 24; Doc. 20 at 13.)

The Estate now seeks reconsideration under Federal Rule of Civil Procedure 60, arguing that Chapter 766 is inapplicable because the Sheriff is not a health care provider, the Naples Jail Center is not a health care facility, and its claims do not relate to medical malpractice.  (Doc. 33 at 2–6.)  Alternatively, the Estate asserts that even if Chapter 766 applies, the Estate has satisfied the presuit requirements because the Estate's notice of intent to sue Armor was imputed to the Sheriff, with whom Armor has a legal relationship.  (Id. at 6–7.)  The Sheriff acknowledges that the "notice of intent [the Estate] served on Armor before bringing suit against it in state court would be imputed on the Sheriff based on the legal relationship it has with Armor pursuant to contract."  (Doc. 34 at 8.)  The Sheriff maintains, however, that the complaint nonetheless "failed to plead compliance with the medical malpractice pre-suit requirements" and that, because of the sovereign immunity ruling, "to the extent the Court were to reconsider its dismissal with prejudice, the [Estate] should only be permitted to amend as to the negligent retention claim." (Id. at 8–9.)

## LEGAL STANDARD

The Estate does not specify which subsection of Federal Rule of Civil Procedure 60 entitles it to relief.  Rule 60(b) provides relief from an order in the following circumstances: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

discharged, or based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief.  Rule 60(b)(1) "encompasses mistakes in the application of the law."  <u>Parks v. U.S. Life & Credit Corp.</u>, 677 F.2d 838, 840 (11th Cir. 1982).  And relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984).

## DISCUSSION

The Estate has established sufficient grounds for reconsideration of the dismissal of Count IV (a negligence claim) with prejudice.  As noted, the dismissal with prejudice was predicated on the expiration of the statute of limitations and the futility of leave to amend.  (Doc. 29 at 21); <u>see also</u> <u>Johnson v. McNeil</u>, 278 F. App'x 866, 872 (11th Cir. 2008).  However, leave to amend should ordinarily be granted "if the statutory period for initiating suit has not 'run before the plaintiff attempts to fulfill the presuit notice or screening requirements.'"  <u>Groover v. Polk Cnty. Bd. of Cnty. Commissioners</u>, 460 F. Supp. 3d 1242, 1257 (M.D. Fla. 2020) (quoting <u>S. Neurosurgical Assocs., P.A. v. Fine</u>, 591 So. 2d 252, 255 (Fla. 4th DCA 1991)); <u>Gullo v. Prison Health Servs., Inc.</u>, No. 6:07-CV-1710-ORL-28DAB, 2007 WL 3340396, at *1 (M.D. Fla. Nov. 9, 2007).

Here, the Estate asserts that the two-year statutory period for initiating suit did not run prior to its attempt to fulfill the presuit requirements.[1]  Rather, the

---

[1] Because the attempt was initiated within two years of Mr. Kuzma's death, it is unnecessary to address the Estate's contention that the statute of limitations began to run on a later date.  (Doc. 33 at 8 n.2.)  Additionally, because the Estate

Estate observes—and the Sheriff acknowledges—that it "placed [Armor] on notice of
[its] intent to bring a medical malpractice suit against it on or about May 26, 2020,"
and that under Florida Rule of Civil Procedure 1.650(b) the notice was imputed to
the Sheriff based on his contract with Armor.  (Doc. 33 at 7; see also Kukral v.
Mekras, 679 So. 2d 278 (Fla. 1996).[2]  And although the Estate did not previously
cite Rule 1.650, it did note in its response to the Sheriff's motion to dismiss that it
complied with Chapter 766 in a separate lawsuit against Armor.  (Doc. 20 at 13.)

Contrary to the Sheriff's unsupported contentions, it is immaterial that the
Estate did not allege compliance with Chapter 766 in its original complaint.
(Doc. 34 at 8.)  Instead, in light of its attempt to fulfill Chapter 766's presuit
requirements prior to the expiration of the statute of limitations, the Estate should
have been afforded an opportunity to amend its pleading to include such
allegations.  In other words, assuming the Estate can sufficiently allege compliance
with the requirements prior to the expiration of the statute of limitations, leave to
amend would not have been futile.

---

will be provided an opportunity to amend its pleading, it is unnecessary at this
stage to once more address the Estate's contention that Chapter 766 is inapplicable
because the Sheriff is not a health care provider and the claims do not arise from
medical malpractice.  In all events, the Estate has not shown that reconsideration of
that issue is warranted.

[2] Rule 1.650(b)(1) provides as follows: "Notice of intent to initiate litigation
sent by certified mail to and received by any prospective defendant shall operate as
notice to the person and any other prospective defendant who bears a legal
relationship to the prospective defendant receiving the notice.  The notice shall
make the recipient a party to the proceeding under this rule."  Fla. R. Civ. P.
1.650(b)(1).

The Sheriff next contends that "pleading compliance in an amended complaint would ultimately not save Count IV from dismissal" and that "only the claim based on a negligent retention claim could potentially survive sovereign immunity, if properly pled." (Doc. 34 at 9.) However, the Court previously noted that the Estate may have been allowed "to replead Count IV [to] clarify some of the sovereign immunity issue[s]" had it not been for "Florida's presuit notice and screening requirements for medical malpractice cases." (Doc. 29 at 20.) Given that the Court is no longer dismissing Count IV with prejudice on these grounds, the Estate is entitled to do just that. In summary, the Court agrees with the Estate that dismissal of Count IV should be without prejudice and with leave to amend. Any amended pleading must be consistent with this Court's prior rulings, including as to sovereign immunity. (See Doc. 29 at 20.) Accordingly, it is **ORDERED**:

1.  The Estate's Motion for Reconsideration (Doc. 33) is **GRANTED**.

2.  The Court's prior order (Doc. 29) is amended to the extent that the dismissal of Count IV is **without prejudice** and with **leave to amend**.

3.  The Estate may file an amended pleading consistent with this Order **on or before February 15, 2022**. Should the Estate not file an amended pleading, the Estate's Amended Complaint for Damages (Doc. 35) shall remain the operative pleading in this case.

**ORDERED** in Fort Myers, Florida on February 1, 2022.

*John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

6